### STATE OF NORTH CAROLINA v. JERRY RAY CUMMINGS

No. 65A87

(Filed 12 June 1991)

1. **Criminal Law § 1352 (NCI4th) — murder — sentencing — McKoy error**

     The trial court erred when sentencing defendant for murder by instructing the jury that its decisions as to mitigating circumstances must be unanimous. Based upon the evidence in the case, the Supreme Court could not conclude beyond a reasonable doubt that the constitutionally erroneous instruction did not prevent at least one juror from finding one of the submitted mitigating circumstances to exist, giving it mitigating value, and voting for life imprisonment rather than the death penalty.

     **Am Jur 2d, Criminal Law § 600.**

     **Unanimity as to punishment in criminal case where jury can recommend lesser penalty. 1 ALR3d 1461.**

**2. Criminal Law § 1360 (NCI4th)— murder—sentencing— mitigating factors—impaired capacity—evidence sufficient**

There was sufficient evidence of the mitigating factor of impaired capacity in a sentencing hearing for murder where all of the evidence in mitigation came from defendant and his family and no mental health specialist testified concerning any impairment by defendant. N.C.G.S. § 15A-2000(f)(6).

**Am Jur 2d, Criminal Law §§ 154, 598, 599, 628; Homicide § 554.**

**Comment Note—Mental or emotional condition as diminishing responsibility for crime. 22 ALR3d 1228.**

ON remand by the Supreme Court of the United States, 494 U.S. ---, 108 L. Ed. 2d 602 (1990), for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). Heard on remand in the Supreme Court of North Carolina 7 May 1991.

*Lacy H. Thornburg, Attorney General, by Joan Herre Byers, Special Deputy Attorney General, for the State.*

*North Carolina Resource Center, by Marshall Dayan, for defendant-appellant.*

FRYE, Justice.

Defendant was tried at the 19 January 1987 Special Session of Robeson County Superior Court and convicted of murder in the first degree. Upon the recommendation of the jury, defendant was sentenced to death. On appeal, this Court found no error in defendant's trial or sentencing and upheld the sentence imposed. *State v. Cummings*, 323 N.C. 181, 372 S.E.2d 541 (1988) (Exum, C.J., and Frye, J., dissenting as to sentence). However, the Supreme Court of the United States vacated the sentence of death and remanded the case to this Court for further consideration in light of *McKoy v. North Carolina*, 494 U.S. 433, 108 L. Ed. 2d 369 (1990). *Cummings v. North Carolina*, 494 U.S. ---, 108 L. Ed. 2d 602 (1990). Subsequently, this Court ordered the parties to file supplemental briefs, limited to the question of whether there was error in the sentencing proceeding pursuant to *McKoy* and, if so, whether any such error can be found harmless beyond a reasonable doubt.

STATE v. CUMMINGS

[329 N.C. 249 (1991)]

The evidence supporting the defendant's conviction and death sentence is summarized in this Court's prior opinion. *State v. Cummings*, 323 N.C. 181, 372 S.E.2d 541. We will discuss only those facts necessary for a complete consideration of the question before us on remand.

[1] The Supreme Court of the United States in *McKoy* held unconstitutional under the eighth and fourteenth amendments of the United States Constitution jury instructions in a capital case directing that, in determining whether to impose a sentence of death or life imprisonment, no juror is to consider any circumstance in mitigation of the offense unless the jury unanimously finds that the circumstance has been proven to exist. *McKoy*, 494 U.S. 433, 108 L. Ed. 2d 369. In the present case, the jury was instructed that its decisions as to mitigating circumstances must be unanimous, and the sentencing recommendation form expressly required jury unanimity to find and consider each mitigating circumstance. Issue Two of the sentencing recommendation form provided, "Do you unanimously find from the evidence the existence of one or more of the following mitigating circumstances?" The State concedes that there was *McKoy* error, thus the only issue in this case is whether the error was harmless beyond a reasonable doubt. *State v. McKoy*, 327 N.C. 31, 44, 394 S.E.2d 426, 433 (1990). Given its federal constitutional dimension, the State must demonstrate that the *McKoy* error was harmless beyond a reasonable doubt. N.C.G.S. § 15A-1443(b) (1988). We conclude that the State has not met its burden of proof.

The trial court submitted four possible mitigating circumstances under Issue Two as follows:

(1) The capacity of the defendant, Jerry Ray Cummings, to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law was impaired.

(2) That the defendant, Jerry Ray Cummings, is remorseful for his participation in the killing of Jesse Ward.

(3) That the defendant, Jerry Ray Cummings, suffers from the condition of alcoholism.

(4) Any other circumstance or circumstances arising from the evidence which you the jury deem to have mitigating value.

The jury failed to unanimously find any of the submitted mitigating circumstances. Thus, the individual jurors had no mitigating circumstances to weigh against the aggravating circumstance under Issue Three or to consider under Issue Four when determining whether the aggravating circumstance found was sufficiently substantial to call for the imposition of the death penalty.

Defendant contends that there were numerous mitigating circumstances which individual jurors could have found from the evidence offered at the guilt and penalty phases of the trial. Defendant further contends that the prosecutor exacerbated the *McKoy* error during his summation to the jury by emphasizing the requirement that the jury must unanimously find a mitigating circumstance before any individual juror could consider the mitigating evidence in determining the appropriate punishment.

Defendant offered evidence of several non-statutory mitigating circumstances. For example, defendant testified at the penalty phase of the trial and apologized to the victim's family. The jury had an opportunity to observe and assess defendant's demeanor and emotional condition during the entire trial. One or more jurors could have found that defendant's demeanor at trial showed regret and remorse. "[E]vidence is not only what [jurors] hear on the stand but [is also] what they witness in the courtroom." *State v. McNeil*, 327 N.C. 388, 396, 395 S.E.2d 106, 111 (1990) (quoting *State v. Brown*, 320 N.C. 179, 199, 358 S.E.2d 1, 15, *cert. denied*, 484 U.S. 970, 98 L. Ed. 2d 406 (1987) ). A review of the cold record is insufficient for this Court to fully assess the defendant's demeanor during the trial. Therefore, we cannot know the impact that defendant's testimony may have had on one or more jurors nor can we conclude.beyond a reasonable doubt that the erroneous instructions did not affect at least one juror's vote.

Defendant's evidence tended to show that he had a third grade education and that he could not read or write. There was evidence that defendant was consistently employed when he was not incarcerated and that he helped to support his family. Defendant's work record while incarcerated showed that he was able to work unsupervised at the McCain Correctional Institution and that he was the only inmate who worked in the flower house. This Court cannot conclude that a reasonable juror might not have found at least one of these non-statutory circumstances under the catch-all

STATE v. CUMMINGS

[329 N.C. 249 (1991)]

provision and given it some mitigating value as a basis for a sentence less than death.

Finally, there was evidence introduced which tended to show that defendant suffered from alcoholism. Defendant testified that he was an alcoholic, and his sister confirmed his condition. Defendant had unsuccessfully attempted treatment for his alcoholism. The evidence in this case demonstrated that defendant had consumed a large quantity of alcohol on the day of the offense and that he had suffered from alcoholism for a number of years. In light of such evidence, we cannot conclude beyond a reasonable doubt that the erroneous unanimity jury instruction did not preclude one or more jurors from considering in mitigation either defendant's condition as an alcoholic or his alcohol intoxication on the day of the offense as diminishing his capacity to appreciate the criminality of his conduct or to conform his conduct to the requirements of the law. See N.C.G.S. § 15A-2000(f)(6) (1988); State v. McNeil, 327 N.C. at 395, 395 S.E.2d at 111. Nor can we conclude beyond a reasonable doubt that had such jurors been permitted, under proper instructions, to consider this circumstance, they would nevertheless have voted for the death penalty rather than life imprisonment. See State v. Sanderson, 327 N.C. 397, 403, 394 S.E.2d 803, 806 (1990).

[2] In support of its argument that the error was harmless, the State contends that the evidence proffered in mitigation was too weak to support a finding under the N.C.G.S. § 15A-2000(f)(6) mitigating circumstance. The State points out that no mental health specialist testified concerning any impairment by defendant, and all of the evidence in mitigation came solely from defendant and his family. It is true, as the State argues, that no mental health professional testified as to defendant's impairment on the day of the homicide. However, the lay testimony tended to show that on the day of the homicide defendant drank three cans of beer and that he and two others together consumed a fifth of vodka purchased after work on that afternoon. Defendant also testified that he could not say exactly what happened that day because he "was pretty well loaded." Taken together, the evidence was sufficient to support a finding of the (f)(6) mitigating circumstance. See State v. Payne, 328 N.C. 377, 402 S.E.2d 582 (1991).

[1] The State contends that given the paucity of evidence to show the existence of the statutory mitigating circumstance and the

lack of worth of the non-statutory mitigating evidence proffered, there is no reasonable possibility the *McKoy* error caused the jury to answer all the enumerated mitigating circumstances "no."

Since the capacity of a defendant to appreciate the criminality of his conduct or to conform his conduct to the requirements of law is a statutory mitigating circumstance, it is presumed to have mitigating value if found. N.C.G.S. § 15A-2000(f)(6); *State v. Wilson*, 322 N.C. 117, 144, 367 S.E.2d 589, 605 (1988). One juror's vote could change the defendant's sentencing result from death to life imprisonment. *State v. Brown*, 327 N.C. 1, 30, 394 S.E.2d 434, 452 (1990). Based upon the evidence in this case, we cannot conclude beyond a reasonable doubt that the constitutionally erroneous instruction did not prevent at least one juror from finding one of the submitted mitigating circumstances to exist, giving it mitigating value, and voting for life imprisonment rather than the death penalty.

For the foregoing reasons, the sentence of death is vacated and this case is remanded to the Superior Court, Robeson County, for a new capital sentencing proceeding. *See State v. McNeil*, 327 N.C. 388, 395 S.E.2d 106.

Death sentence vacated; remanded for new capital sentencing proceeding.